UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHASE PLASTIC SERVICES, INC.

                      Plaintiff,

                                              CIVIL CASE NO. 06-12539

v.

BRAHM INDUSTRIES, INC.,          HONORABLE PAUL V. GADOLA
                                               U.S. DISTRICT COURT

                      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**I.    Introduction**

On November 10, 2006, Defendant Brahm Industries, Inc., filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). The motion asserts that this Court lacks personal jurisdiction. Plaintiff, Chase Plastic Services, Inc., filed a response on November 30, 2006. For the reasons set forth below, this Court will deny Defendant's motion.

**II.    Background**

Chase Plastic Services, Inc. ("Chase") is a Michigan corporation that distributes engineering and commodity grade thermoplastic resins. Defendant Brahm Industries, Inc. ("Brahm"), is a Canadian corporation that manufactures plastic components. In early 2001, Chase and Brahm contracted for Chase to deliver plastic resins to Brahm with payment for the delivered resins to occur 30-60 days after delivery. Plaintiff and Defendant conducted regular transactions, similar in nature, for approximately five years.

On June 7, 2006, Chase filed a breach of contract action alleging that Brahm failed to pay

Chase $93,526.77 for plastic resins that were delivered to Brahm between February 2006 and April 2006. Brahm filed an answer to the complaint on July 25, 2006. In its defense, Brahm claims that the resins delivered by Chase were non-conforming, that is, they were defective. Brahm also filed a counter-claim against Chase alleging that Brahm sustained significant damages due to delays in production and shipping that resulted from the non-conforming resins.

On November 10, 2006, Brahm filed the instant motion, asserting that this Court does not have general or specific personal jurisdiction over Brahm. Brahm argues that it is strictly a Canadian corporation that does not have the necessary minimum contacts with Michigan required to sustain personal jurisdiction. Brahm further contends that all of the business transactions between Chase and Brahm occurred in Canada and therefore Michigan's long-arm statute, requiring only "the transaction of any business within the state," does not apply. *See* M.C.L. §§ 600.705, 600.715. Therefore, Brahm requests that this Court dismiss Chase's claim due to lack of personal jurisdiction.

Chase responds, arguing that due to the long-standing business relationship between Chase, a Michigan corporation, and foreign corporation Brahm, the requirements of Michigan's long-arm statute are easily satisfied. Chase requests that this Court deny Brahm's motion for lack of personal jurisdiction.

**III.    Legal Standard**

Brahm moves to dismiss the case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendant argues that this Court is unable to exercise general or specific personal jurisdiction over Defendant.

Plaintiff bears the burden of establishing personal jurisdiction. *Bird v. Parsons*, 289 F.3d

865, 871 (6th Cir. 2002); *MCNIC Oil & Gas Co. v. IBEX Resources Co.*, 23 F.Supp.2d 729, 732 (E.D.Mich.1998) (Gadola, J.). The standard for evaluating these requirements depends upon whether the Court conducts an evidentiary hearing on the jurisdictional issue. In this case, because the Court has not conducted an evidentiary hearing, the Plaintiff "need only make a prima facie showing of jurisdiction." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (citation and internal quotation omitted). Under this standard, the United States Court of Appeals for the Sixth Circuit has stated that the pleadings and affidavits should be considered in the light most favorable to the Plaintiff and has characterized Plaintiff's burden of establishing jurisdiction as "relatively slight." *Welsh v. Gibbs*, 631 F.2d 436, 438-39 (6th Cir. 1980).

In diversity cases, such as the instant case, courts look to the law of the forum state to determine whether personal jurisdiction exists. *Nationwide Mutual Ins. Co. v. Tryg Int'l. Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). The nature of Defendant's contacts with the forum determine whether personal jurisdiction is characterized as general or specific. *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992). General jurisdiction exists when Defendant exercises continuous and systematic contacts with the forum state, while specific jurisdiction exists when Plaintiff's claims arise out of or relate to Defendant's conduct with the forum state. *See id.*; *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 149 (6th Cir. 1998).

To establish personal jurisdiction, Plaintiff "must show that (1) the Michigan long-arm statute supports the Court's exercise of personal jurisdiction and (2) the exercise of jurisdiction would not violate the Due Process Clause of the Fourteenth Amendment." *Viches v. MLT, Inc.*, 127 F. Supp. 2d 828, 830 (E.D. Mich. 2000) (Gadola, J.). *See also Neogen Corp. v. Neo Gen Screening*,

*Inc.*, 282 F.3d 883, 888 (6th Cir. 2002).

Using the "relatively slight" threshold standard, *see Welsh*, 631 F.2d at 438-39, the Court must first examine the first of the two requirements for establishing personal jurisdiction: whether the Michigan long-arm statute supports the Court's exercise of personal jurisdiction. See *Viches,* 127 F.Supp.2d at 830.

Under the law of the forum where the Court is located, the Michigan long-arm statute permits limited personal jurisdiction over an individual or corporation, enabling the court to render personal judgments against the individual or corporation, when the cause of action arises out of the "transaction of any business within the state." M.C.L. §§ 600.705, 600.715. This Court has previously noted that the standard of the Michigan long-arm statute is "extraordinarily easy to meet." *Viches,* 127 F.Supp.2d at 830 (Gadola, J.). Indeed, the phrase, "any business within the state" has been very broadly interpreted. The Sixth Circuit has held that where the defendant does even the "slightest act of business in Michigan," the first statutory criterion for personal jurisdiction under the Michigan long-arm statute is satisfied. *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1988).

The next step is to consider whether defendant has "minimum contacts" such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). The Sixth Circuit has established a three-part test for this analysis. *See Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998); *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). First, the defendant must purposefully avail himself of the privilege of conducting activities within the forum state. *Cole*, 133

F.3d at 436. Second, the cause of action must arise from the defendant's activities there. *Id.* Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make its exercise of jurisdiction over the defendant fundamentally fair. *Id.*

**IV.   Analysis**

Under the Michigan Long-Arm statute, jurisdiction may be found to exist generally in cases where a defendant's "continuous and systemic conduct" within the forum state renders that defendant amenable to suit in that forum or jurisdiction may be found to exist specifically in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum. *See* M.C.L. 600.711(3) (general jurisdiction) and M.C.L. 600.715(1) (limited jurisdiction). Because the Court finds that limited personal jurisdiction is present, an analysis of whether the Court has general personal jurisdiction is unnecessary.

The Michigan long-arm statute permits limited personal jurisdiction over an individual or corporation, enabling the court to render personal judgments against the individual or corporation, when the cause of action arises out of the "transaction of any business within the state." M.C.L. §§ 600.705, 600.715. This Court has previously noted that the standard of the Michigan long-arm statute is "extraordinarily easy to meet." *Viches* , 127 F. Supp. 2d at 830 (Gadola, J.). Indeed, the phrase, "any business within the state" has been very broadly interpreted. The Sixth Circuit has held that where the defendant does even the "slightest act of business in Michigan," the first statutory criterion for personal jurisdiction under the Michigan long-arm statute is satisfied. *Lanier v. Am. Bd. of Endodontics* , 843 F.2d 901, 906 (6th Cir. 1988)).

In the instant case, Brahm has had sufficient contacts with Michigan to confer limited personal jurisdiction. Brahm contracted with Michigan corporation Chase to sell and deliver thermoplastic resins. Defendant placed nearly 200 orders with Plaintiff Chase over a five year business relationship. Those orders had a value of more than $1.4 million. This relationship culminated in the unpaid order, and the allegedly defective resins, that now form the basis of this suit. Brahm clearly conducted business in the state of Michigan when it ordered $93,526.77 worth of resins from Michigan corporation Chase; the resins now form the basis for the cause of action. The parties long and expansive history could only have served to put Brahm on notice that when it ordered the resins it was transacting business with a company located in Michigan. Therefore, there can be little doubt that Plaintiff has presented a prima facie case that Defendant Brahm has conducted the "slightest act of doing business in Michigan." *Lanier*, 843 F.2d at 906 .

Brahm, relying on *Hi-Tex, Inc. v. TSG, Inc.*, 87 F. Supp.2d 738 (E.D. Mich. 2000), asserts that personal jurisdiction does not exist because Brahm did not conduct business within the State of Michigan. *Hi-Tex* is readily distinguishable from the instant matter. In *Hi-Tex*, a Michigan manufacturer held a patent on processes for finishing liquid and stain resistant fabrics and sued a nonresident corporation for patent infringement. Plaintiff Hi-Tex alleged that the nonresident corporation was using Hi-Tex's patented processes without Hi-Tex's knowledge or consent. *Id.* at 740-41. The court held that personal jurisdiction did not exist because the nonresident corporation did not have minimum contacts with the forum. *Id.* The court found that the nonresident corporation had no business relationship with the Michigan manufacturer, did not have property in Michigan, had no bank accounts in Michigan, nor did it solicit business in Michigan. *Id.* The court further held

that plaintiff had to show that the defendant either made, sold, used, or offered to sell the infringed product in Michigan. *Id.* In *Hi-Tex*, the only connection between the alleged infringer and the state of Michigan was the alleged infringer's use of the patent a Michigan corporation held. The alleged infringer sold its products only in venues outside of Michigan.

*Hi-Tex* is distinguishable from the instant case because Brahm knowingly and voluntarily entered into repeated contractual arrangements with Michigan corporation Chase, some that resulted in the delivery of the disputed resins. While it may be true that Brahm does not own property in Michigan and has no bank accounts in Michigan, nevertheless, the contractual relationship between Michigan corporation Chase and Brahm, and the resulting order and delivery of resins that form the basis of the present suit, clearly are the result of Brahm conducting "the slightest act of business in Michigan." The resins were ordered from, and shipped by, Michigan corporation Chase. Brahm's receipt of the resins, given the extensive history of the two parties, could have only been knowing and voluntary. Brahm thereby became obligated to pay Chase, the Michigan corporation, for the resins. As a result, Michigan's long-arm statute supports the exercise of personal jurisdiction over Brahm.

**B.** **The Exercise of Jurisdiction Does Not Violate the Due Process Clause of the Fourteenth Amendment**

When jurisdiction is proper under Michigan's long-arm statute, the Court must next determine whether the exercise of personal jurisdiction comports with due process. As this Court has noted, "The Due Process Clause requires Plaintiffs to show that Defendants have 'minimum contacts' with Michigan 'such that the maintenance of the suit does not offend traditional notions

of fair play and substantial justice.' " *Viches*, 127 F.Supp. 2d at 830-31 (Gadola, J.) (quoting *Int'l Shoe Co.*, 326 U.S. two parties at 316). The Sixth Circuit has established a three-part test to determine whether a court may exercise limited personal jurisdiction over a defendant: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state, (2) the cause of action must arise from the defendant's activities there, and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.  *Cole*, 133 F.3d at 436; *Southern Machine Co.*, 401 F.2d at 381.

      **a.**    **Purposeful Availment**

Satisfaction of the first prong of the three part test occurs when the Defendant purposefully avails himself  "of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Youn v. Track, Inc*., 324 F.3d 409, 417 (6th Cir. 2003) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)).  Purposeful availment is "something akin either to a deliberate undertaking to do or cause an act or thing to be done in Michigan or conduct which can be properly regarded as a prime generating cause of the effects resulting in Michigan. . . ." *Sports Auth. Mich. v. Justballs, Inc.*, 97 F.Supp. 2d 806, 811 (E.D. Mich. 2000) (Woods, J.). The Court must analyze the connection between the defendant's conduct and the state such that the defendant "should reasonably anticipate being haled into court there."  *Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985)(quoting *World-Wide Volkswagen Corp.,* 444 U.S. at 297). With respect to interstate contractual obligations, the Supreme Court has emphasized that parties who "create continuing relationships and obligations with citizens of another state" are

subject to regulation and sanctions in the other State for the consequences of their activities. *Id*.

Brahm relies on *Dawson v. Pepin*, 2001 WL 822346 (W.D. Mich. Mar. 29, 2001), to assert that Chase cannot claim that jurisdiction exists because Brahm merely bought something from Chase. Brahm thus infers that the sale of goods from a Michigan corporation to Brahm is irrelevant. In *Dawson*, the plaintiff's wife, a Michigan resident, ordered a product from the Canadian defendant, using the defendant's website. The plaintiff's wife's purchase of the defendant's product occurred *after* the plaintiff had filed a complaint for patent infringement against the defendant. The purchase of defendant's product was solely for the purpose of demonstrating that the defendant was selling his product in Michigan; the transaction was not otherwise relevant to the court action. The *Dawson* court indicated that jurisdiction could not be manufactured by such an activity. The court found that the Michigan plaintiff and defendant had no relationship other than the alleged patent infringement. The *Dawson* court therefore found that plaintiff had failed to show that defendant had a relationship with Michigan, sufficient to confer personal jurisdiction.

The present case is easily distinguishable from *Dawson*. The conduct in this case concerns the regular buying and selling of goods pursuant to a contractual arrangement. Chase and Brahm had an ongoing contractual business relationship from 2001 until 2006, whereby Brahm would regularly order, purchase, and receive resins from Michigan corporation Chase. Brahm's alleged obligation to pay for certain shipments of the resins the resins arises directly out of one of these orders as does Brahm's claim for damages due to nonconforming resins. The contractual relationship caused acts to be done in Michigan to fulfill the obligation and thereby subjected Brahm to the regulations and sanctions of the state of Michigan. *See Burger* King, 471 U.S. at 474; *Mich. Sports Auth.,* 97 F.

Supp.2d at 811.

Therefore, the Court finds that Brahm purposefully availed itself of Michigan opportunities by purchasing products, and accepting delivery of these products, from Michigan corporation Chase. Brahm should have reasonably expected being subject to Michigan courts when it conducted such extensive transactions with a Michigan corporation.

### b.        Cause of Action Arising from Activities in the Forum

The Sixth Circuit has noted, "the 'arising from' requirement is satisfied if the cause of action is 'related to' or 'connected with' the defendant's forum contacts." *Youn*, 324 F.3d at 419 (citing *Third Nat'l Bank v. Wedge Group, Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989)).

As previously discussed, the case at issue is a breach of contract action in which Chase alleges that Brahm failed to pay for resins it received from Chase. The cause of action is clearly related to Brahm's contact with Michigan corporation Chase because the resins were ordered and purchased from Chase.

### c.        Act of Substantial Enough Connection to Make Jurisdiction Reasonable

Last, the Court must consider whether exercising personal jurisdiction over Brahm would be reasonable, that is, whether it would "comport with 'traditional notions of fair play and substantial justice.' " *Reynolds v. International Amateur Athletic Fed'n*, 23 F.3d 1110, 1117 (6th Cir. 1994)(quoting *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano County*, 480 U.S. 102, 113 (1987)). When the first two elements of a prima facie case are shown, that is purposeful availment and a cause of action arising from the defendant's contacts with the forum state, then an inference arises that the third factor is also present. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1170

(6th Cir. 1988)(citing *First Nat'l Bank v. J.W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir. 1982)); *Mohasco Indus.*, 401 F.2d at 384 & n. 30.

The Court must consider several factors in this context, including "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *American Greetings Corp.*, 839 F.2d at 1169-70 (citing *Asahi Metal Indus.*, 480 U.S. at 113).

In the instant case, there is minimal physical burden on Brahm to address this cause of action in this forum because, located in Windsor, Ontario, Canada, it is physically situated close to the Eastern District of Michigan. Additionally, because "modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity," it is not unfair to subject Brahm to the burdens of litigating in the Eastern District of Michigan when the dispute at issue related to activity in the district. *See Burger King*, 471 U.S. at 474 (quoting *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223 (1957)).

Finally, Michigan has a "manifest interest" in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors. *See id.* Chase, a Michigan corporation, also has a "manifest interest" in obtaining monies it believes it is owed. Because Michigan is where the alleged injury occurred, it is the most convenient and appropriate forum to address this dispute. Therefore, the jurisdiction of this case in Michigan is reasonable and does not offend Due Process considerations of the Fourteenth Amendment.

**VI.   Conclusion**

For the reasons discussed above, this Court finds that the elements conferring specific

personal jurisdiction under the Michigan Long Arm statute have been met and that the exercise of personal jurisdiction in the instant matter comports with due process.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for lack of personal jurisdiction [docket entry 24] is **DENIED**.

**SO ORDERED.**

Dated:  February 6, 2007                                                                s/Paul V. Gadola
                                                                                                      HONORABLE PAUL V. GADOLA
                                                                                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  February 6, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:   Gary A. Hansz; Larry L. Justice, Jr.; Richard E. Rassel, III   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                                 .

                                                                                                      s/Ruth A. Brissaud
                                                                                                      Ruth A. Brissaud, Case Manager
                                                                                                      (810) 341-7845